IN THE U.S DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | |
|---|---|
| **TRACEY I. BAKER**<br>1642 Woodlands Run<br>Hagerstown, MD  21742-8042<br><br>*On behalf of herself and others similarly situated*<br><br>          Plaintiff<br><br>v.<br><br>**SUNSHINE FINANCIAL GROUP, LLC**<br>9 Newberg Ave., Suite 201<br>Catonsville, MD  21228<br>SERVE ON:<br>          J. Scott Morse, Resident Agent<br>          9 Newberg Ave., Suite 201<br>          Catonsville, MD  21228<br><br>And<br><br>**JON SCOTT MORSE**<br>9 Newberg Ave., Suite 201<br>Catonsville, MD  21228<br><br>          Defendants | Case No.   <u>11-2028</u>                     <br><br><br>**JURY TRIAL DEMANDED** |

## <u>CLASS ACTION COMPLAINT</u>

Plaintiff, Tracey I. Baker ("Baker"), individually and on behalf of all Maryland

residents similarly situated  and by her attorneys Scott C. Borison and Phillip R. Robinson

of the Legg Law Firm, LLC and Douglas B. Bowman, sues Defendants Sunshine

Financial Group, LLC ("Sunshine") and Jon Scott Morse ("Morse") state:

1.      This case arises from a systematic, intentional, and predatory debt

collection activities of Defendants Sunshine and Morse against vulnerable Maryland consumers without the mandatory license required by the State of Maryland.  This case also involves the defective and bogus affidavits signed by certain unknown agents or affiliates of Sunshine and Morse on legal documents and papers presented throughout the State of Maryland by Morse as the attorney for Sunshine in its illegal collection actions.

2.    Defendant Sunshine and Morse allegedly acquires consumer debts in default for pennies on the dollar and then proceeds to try to collect the debt by filing lawsuits before Maryland courts when it does not have the legal authority to do so and each have been denied a license to do so by the State of Maryland based on its improper activities in connection with collection of alleged debts. The defendants have ant continue to operate without a license thus (i) skirting the requirements easily complied with by hundreds of other similarly situated bona fide collection agencies in Maryland provided them an improper advantage and (ii) avoiding the mandatory protections intended for Maryland consumers by the legislature and regulatory authority. In the lawsuits, Sunshine and Morse provides documents and affidavits in support of the collection actions which do not comply with federal debt collection laws.

3.    The non-partisan Government Accounting Office (GAO) recently summarized public enforcement of this kind of scheme as follows:

our analysis of information provided by the National Association of Attorneys General found at least 60 enforcement actions were taken by state attorneys general against debt collection companies from January 2006 through May 2009, of which 28 involved or may have involved the collection of credit card debt.These actions alleged a variety of illegal debt collection practices, such as deducting money from consumers' bank accounts without authorization,

**operating in states without proper licenses**, and refusing or failing to provide consumers with proof of their debts. Generally, state attorneys general either negotiated a settlement with the debt collection company or brought a court action against the company. Settlements included penalties such as refunds to consumers, cancellation of consumers' debts, civil penalties, and injunctive relief aimed at preventing future collection violations.

GAO Report, Fair Debt Collection Practices Act Could Better Reflect the Evolving Debt Collection Marketplace and Use of Technology, September 2009 (available at http://www.gao.gov/new.items/d09748.pdf) at Pages 38-39 (emphasis added).

## JURISDICTION AND VENUE

4.      This Court has jurisdiction of the matters asserted herein in light of a federal question presented herein.  28 U.S.C. § 1331.

5.      Declaratory and injunctive relief are available pursuant to 28 U.S.C. §§ 2201 and 2202, Md. Code Ann., §§ 3-401 – 3-415, and Fed. R. Civ. P. 23.

6.      Venue in this District is proper in that the Defendant transacts business within the District and the conduct complained of occurred in the District.

## PARTIES

7.      Plaintiff Tracey I. Baker is a Maryland resident.  She resides at 1642 Woodlands Run, Hagerstown, MD  21742.

8.      Defendant Sunshine Financial Group, LLC is a Maryland limited liability company with its principal place of business located at 9 Newberg Ave., Suite 201, Catonsville, MD  21228.  It does business throughout Maryland.

9.      Defendant Jon Scott Morse is a Maryland attorney and is a member of Sunshine who actively participates and directs all of the transactions subject to this action.  Morse's business address is 9 Newberg Ave., Suite 201, Catonsville, MD  21228.

**FACTS**

10.    Sunshine collects on consumer debts in the State of Maryland.  The consumer

debts allegedly purchased by Sunshine are debts that are in default or Sunshine is

the servicer of these debts acquired after default.  In many instances the debts

sought to be collected by Sunshine are no longer legally enforceable obligations.

11.    Sunshine and Morse did not hold a license to act as a debt collection agency in

the State of Maryland when it sought to collect against the Plaintiff or class

members.  The use of Sunshine by Morse to engage in illegal activities is beyond

the purposes for which Sunshine is permitted to operate as a separate legal entity

and therefore Sunshine is not a separate legal entity.  Morse is liable for the acts

of Sunshine.

12.    Sunshine is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a

(6).

13.    Sunshine and Morse act as a "collection agency" as defined by Maryland

Collection Agency Licensing Act, MD. ANN. CODE, BUS. REG. ART., § 7-

101, et seq. ("**MCALA**").  However, they do not now have now nor at any time

in the past ever had a collection agency license as required by MCALA.

14.    According to public records, Sunshine and Morse  have acted as "debt

collector" under the FDCPA in more than 500 occurrences in the State of

Maryland in the last year by attempting to collect debts against Maryland

consumers through collection suits filed in Maryland state courts.

 **FACTUAL ALLEGATIONS RELATING TO THE NAMED PLAINTIFF**

15.    Sunshine and Morse filed a law suit against Baker in 2011, before obtaining

its collection agency license, relating to an alleged debt that was charged off and in default.   The law suit was filed in the District Court of Maryland for Washington County, Maryland, Case No. 110200004572011 on January 28, 2011 ("Baker State Action").

16.   The Baker State Action sought to collect a consumer debt which was allegedly purchased by **Sunshine and Morse**, after April 1, 2008 at a time when the debt was in default.

17.   The Baker State Action included an affidavit purportedly signed by Morse as the "Account Manager" of Sunshine.   Morse also signed to complaint filed in the Baker State Action as the attorney for Sunshine.

18.   The Baker State Action was a direct or indirect attempt by Sunshine and Morse to collect a debt from Baker.

19.   At no time did Sunshine or Morse provide Baker with a written notice that he had the right to request verification of the debt, dispute the debt or the other notices required by the FDCPA, 15 U.S.C. § 1692g.

20.   At trial in the Baker State Action, the District Court of Maryland for Washington County, Maryland, Baker's attorney appeared at her expense to defend the illegal debt collection action.   However neither Morse nor any other agent of Sunshine appeared for the trial.   The Baker State Action was dismissed by the District Court of Maryland for Washington County.   Sunshine took no appeal from that judgment.

21.   As a result of Defendants' illegal collection actions in the Baker State Action, Baker suffered damages including but not limited to: (i) fees incurred to retain

attorneys to defend against Defendants' illegal debt collection lawsuit; (ii) damage to credit by having an illegal lawsuit identified in public records against her and through reports to the various credit bureaus on behalf of the Defendants; and (iii) emotional damages manifested by embarrassment, stress, sleeplessness, etc.  Class members have incurred similar damages.

22.     Under MD. ANN. CODE, BUS. REG. § 7-301, a person must have a license to do business as a collection agency in the State of Maryland.

23.     The Maryland Commissioner of Financial Regulation has clearly stated the state regulator's position regarding the legal requirements under Maryland law for a person who acquires consumer debt after default and files lawsuits in Maryland to collect the debt:[1]

> … 4.  The position of the Agency is that, unless otherwise exempt, a person who brings actions in Maryland State courts to collect consumer claims which were acquired when the claims were in default is knowingly and willfully doing business as a "collection agency" in the State under [Bus. Reg.] § 7-101(c).  This includes, but is not limited to, the named Plaintiffs in such judicial actions, which will normally be the owners of the consumer debt.
>
> 5.  Thus the Agency's position is that a Plaintiff in a Maryland State court action brought to collect a consumer claim which was acquired when the claim was in default is required to be licensed as a collection agency under MCALA, and is subject to the regulatory authority of the Agency in the conduct of that litigation.
>
> 6. The position of the Agency is that a person who brings judical actions in Maryland State courts to collect consumer claims which were acquired when the claims were in default also meet the definition of "collector" under CL § 14-201(b) of the Maryland Consumer Debt Collection Act ("MCDCA," at Commercial Law Article ("CL"), § 14-201 *et seq.,*

---

[1] *In the Matter of:  Midland Funding, LLC, et al.,* Before the Maryland State Collection Agency, Licensing Board in the Office of the Commissioner of Financial Regulation, DFR-FY-2010-063.

Annotated Code of Maryland) and of "debt collector" under 15 U.S.C. § 1692(a) of the Fair Debt Collection Practices Act ("FDCPA," at 15 U.S.C. § 1692, *et seq.*). …

24.    Sunshine nor Morse are licensed by Maryland as a "collection agency" during the relevant periods related to this action.

25.    Every collection effort in Maryland by Sunshine and Morse without a Collection Agency license, including each and every civil action filed in Maryland courts and each and every judgment lien filed in Maryland, is an unfair or deceptive trade practice.

26.    Defendants acted as a debt collection agency in Maryland including various collection activities and attempts to obtain judgments in Maryland courts against Baker and the class members.

27.    Defendants' actions as a debt collection agency against Named Plaintiff and all class members were done without a mandatory, state license as a "collection agency" by the Maryland Commissioner of Financial Regulation.

28.    Defendants willfully and knowingly acted as a debt collection agency in Maryland without a license.

## CLASS ALLEGATIONS

29.     Plaintiff brings this complaint on behalf of a class of all other persons similarly situated.

30.    The class is comprised of all persons in the State of Maryland, who within three years prior to the filing of the initial complaint were contacted by the Defendant in connection with any effort to collect a debt.

31.    This is a matter in which the one year FDCPA statute of limitations may be

enlarged because the Defendants' effectively and intentionally concealed information which would have made their improper and illegal activities discoverable.   The concealment was accomplished through the use of bogus affidavits, failing to disclose facts about its legal status and other means.

32.   The Named Plaintiff and Class members had no reason to know of the true illegal nature of the illegal acts of the Defendants since the Defendants routinely omit or misrepresent certain information from the courts and class members concerning the bogus nature of how the Defendants acquired the jurisdiction of the Maryland courts in hundreds of debt collection actions since Sunshine was formed.

33.   This case is one of those rare instances where circumstances external to the conduct of the Named Plaintiff and class members which warrant a finding that it would be unconscionable to enforce the various limitations periods against the class members since such an act would create a gross injustice of allowing the Defendants to wrongfully and unjustly enriched to the detriment of the class in total sum of millions of dollars.

34.   Plaintiff estimates the class to consist of more than 500 persons.

35.   The class is so numerous as to make it impracticable to join all members of the class.

36.   There are questions of law and fact which are common to all members of the class, including:

　　　　a. Whether Sunshine and Morse has acted as a debt collection agency in the State of Maryland;

b. Whether Sunshine and Morse were licensed to act as a debt collection agency in Maryland at the times relevant to this complaint;

c. Whether Sunshine and Morse failed to provide notices required by the Fair Debt Collection Protection Act;

d. Whether Sunshine and Morse threatened or took actions that neither had a right to take under federal law;

e. Whether Morse is personally liable as a matter of law to the illegal acts of Sunshine as an active member of Sunshine in its activities on behalf of as the "account manager" and "attorney" for Sunshine;

f. Whether Sunshine can be treated as a separate legal entity since it was used for illegal activities; and

g. Whether Sunshine and Morse presented robo-signed affidavits and other papers to the state courts which were legally improper and deficient.

37.  The only individual questions concern the identification of class members and who are entitled to any funds that the Defendants are ordered to disgorge as the fruit of its unlawful activities or share in any statutory or other damages permitted by law. This information can be determined by a ministerial examination of public records in various court houses or from the Defendants' business records or other sources, which are admissible as an exception to the hearsay rule and as an admission by a party.

38.  Plaintiff's claims are typical of the claims of the class members.

39.  Plaintiff will fairly and adequately protect the interests of all class members in the prosecution of this action. She is similarly situated with, and has suffered

similar injuries as, the members of the class she seeks to represent. She feels that she has been wronged, wishes to obtain redress of the wrong, and wants Defendants stopped from perpetrating similar wrongs on others.

40.     To that end, Plaintiff has retained counsel experienced in handling class action suits involving unfair or deceptive business practices that harm consumers.

41.     Neither the Named Plaintiff nor her counsel have any adverse interest which might cause them not to vigorously pursue this action.

42.     Defendants Sunshine and Morse, by acting as a debt collection agency without a license, and alternatively Defendant Morse, as an active member involved in the illegal acts of Sunshine as described above, has acted on grounds generally applicable to the class.

## COUNT I

### (Class Declaratory Judgment And Injunctive Relief)

43.      Plaintiff incorporates the foregoing allegations.

44.     Plaintiff seeks a declaration on her behalf and on behalf of the class that the Defendants Sunshine and Morse have acted unlawfully by acting as a debt collection agency in the State of Maryland.

45.     Defendants should be ordered to disgorge all amounts that each has obtained while acting illegally as a debt collection agency without a license.

46.     Defendants should be enjoined form continuing to operate illegally.

WHEREFORE, Plaintiff and Class Members pray that this court:

a.      Certify this case as a class action with the named plaintiff as class representative and her attorneys as counsel on behalf of the class described herein;

b.      Order appropriate injunctive relief to prevent further violations of law, including a preliminary and permanent injunction;

c.      Order the defendants to disgorge all amounts collected from the class while the defendants acted as a debt collection agency without a license;

d.      Award reasonable attorney's fees, litigation expenses and costs;

e.      Order appropriate declaratory relief; and

f.      Provide such other or further relief as the Court deems appropriate.

## COUNT II

**(Class and Individual Claims for Violation of the Fair Debt Collections Act)**

47.     Plaintiff incorporates the foregoing allegations.

48.     Defendants failed to comply with the notice requirements under 15 U.S.C. § 1692g in its contact with the Plaintiff and class members.

49.     Defendants have sent materials to consumers that failed to include the notice required by 15 U.S.C. Section 1692e (11).

50.     The Defendants have violated the FDCPA by acting as a debt collector when they do not hold a license to do so as required under MCALA in violation of 15 U.S.C. § 1692e (5) and other provisions of the FDCPA.

51.     The practice of operating illegally without a mandatory license is an unfair or deceptive practice in violation of 15 U.S.C. § 1692f.

52.     The FDCPA provides for statutory damages in addition to actual damages.

53.     The Plaintiff and Class are entitled to actual and statutory damages from the Defendants.

WHEREFORE, Plaintiff prays that the Court enter judgment against the Defendants for the following:

a.      Certify this case as a class action with the named plaintiff as class representative and her attorneys as counsel on behalf of the class described herein;

b.      Award Actual Damages in a sum of no less than $5,000,000.

c.      Award Statutory damages in the amounts allowed by the FDCPA up to $500,000.00;

d.      Award reasonable attorney's fees, litigation expenses and costs; and

e.      Provide such other or further relief as the Court deems appropriate.

Respectfully Submitted,

/s/ Scott C. Borison
Scott C. Borison, Esq. (Bar No. 22576)
/s/ Phillip Robinson
Phillip R. Robinson, Esq., Of Counsel
(Bar No. 93431)
Legg Law Firm, LLC.
5500 Buckeystown Pike
Frederick, Maryland 21703
(301) 620-1016; Fax: (301) 620-1018

/s/ Dougls B. Bowman
Douglas B. Bowman
(Bar No. 8693)
PO Box 503
Middletown MD 21769
(240) 566-6050

*Attorneys for Plaintiff*