IN THE U.S DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | |
|---|---|
| **TRACEY I. BAKER**<br><br>*On behalf of herself and others similarly situated*<br><br>Plaintiff,<br>v.<br><br>**SUNSHINE FINANCIAL GROUP, LLC.** *et al.*<br><br>Defendants. | Case No.  1:11-cv-02028-PWG |

## FINAL ORDER AND JUDGMENT

On October 26, 2012, after notice to the class members, a hearing was held to determine:

1) whether for purposes of settlement this action should be finally certified as a class action pursuant to Rule 23 (a) and (b)(3) on behalf of the Settlement Class, which consists of a Class, as defined in this Court's Order Preliminarily Certifying Settlement Class and Granting Preliminary Approval of Proposed Class Settlement ("Preliminary Approval Order") dated May 26, 2012 (Paper No. 22);

2) whether the terms and conditions of the Stipulation of Settlement (the "Settlement"), are fair, reasonable and adequate for the settlement of the Released Claims (as defined in the Settlement) asserted by the Settlement Class against the Defendants in this action and the release of the Released Persons (as defined in the Settlement) should be approved;

1

3) whether judgment should be entered dismissing this action <u>with</u> prejudice in favor of the Defendants and the other Released Persons (as defined in the Settlement) and against all persons who are members of the Class certified in the Preliminary Approval Order and who have not requested exclusion there from; and

4) the amount to be awarded to the Class Representatives as an incentive payment and the amount of attorneys' fees and costs to be awarded to Class Counsel.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the Settlement, relevant deadlines and final fairness hearing substantially in the form approved by the Court was mailed to all persons reasonably identifiable who met the definition of the Class, at the respective addresses set forth in Defendants' records; and the Court having considered and determined the fairness, adequacy and reasonableness of the relief provided to the Settlement Class under the Settlement and of the requested award for Class Counsel's legal fees and expenses:

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court finds that the Settlement Class, as defined below, is so numerous that joinder of all members is impracticable; that questions of law or fact common to the Class predominate over any questions affecting only individual members of the Class; that the claims of the Class representatives are typical of the claims of the Class; that the Class Representatives and Class Counsel fairly and adequately

2

protect the interests of the Class. In appointing Class Counsel, I have considered the work counsel has done in identifying or investigating potential claims in the action, counsels' experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsels' knowledge of the applicable law, and the resources counsel committed to representing the class, all of which favor appointment of Scott C. Borison and Phillip R. Robinson of Legg Law Firm, LLC, and Douglas B. Bowman as Class Counsel.

2. That the settlement of this action on a class wide basis is an appropriate and superior method for the fair and efficient adjudication of the claims against the Defendants and other Released Persons.

3. This action may be maintained as a class action pursuant to Rule 23 (a) and (b)(3) for the purpose of this Settlement.

4. The determinations with respect to class certification are without prejudice to Defendants' right to contest class certification in this action in the event that either the Settlement or this Order and Final Judgment is terminated or invalidated for any reason prior to the Effective Date.

5. The Settlement Class is defined as:

The class is comprised of all persons in the State of Maryland from Defendant Sunshine attempted to collect a debt during the time period from July 23, 2008 through October 16, 2011.

There are two subclasses:

Sub-Class I is comprised of all Class Members who have not paid any money or other consideration to Sunshine as of the effective date.

Sub-Class II is comprised of all Class Members who have paid any money or other consideration to Sunshine as of the effective date.

6. The claims resolved by this class settlement are the claims set forth at ¶ 36 of the Settlement Agreement. (ECF 19-1)(the "Claims").

7. The terms and conditions of the Settlement constitute a good faith compromise of disputed claims and defenses and are the product of arm's length bargaining among the Parties before a Magistrate Judge. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class. The Settlement Class and the Parties are directed to consummate the Settlement in accordance with its terms and provisions.

8. The Notice which has been given is the best notice practicable under the circumstances, consisting of individual mail notice to all members of the Class who could be identified by Defendants based on its reasonably available records and sources. The Court finds that the Notice fully and accurately informed the Settlement Class of all relevant and material elements of the Settlement and afforded members of the Settlement Class adequate time to decide whether to participate or opt out of the proposed Settlement. The notice given

4

satisfies the requirements of due process and Rule 23.

9. All claims in this action are hereby dismissed in entirety on the merits and <u>with prejudice</u> and without costs, except as provided herein, as against the Defendants. Members of the Settlement Class and their heirs, executors, administrators, representatives, agents, successors, predecessors-in-interest, and assigns are hereby bound by this judgment and are permanently and conclusively barred and enjoined from instituting, commencing or prosecuting, either directly, indirectly, representatively, or in any other capacity, any Claims as defined in the Stipulation of Settlement against any Released Party. All of the Released Claims as defined in the Stipulation of Settlement are hereby compromised, settled, released, discharged and dismissed <u>with prejudice</u> by virtue of the proceedings herein and this Order and Final Judgment.

10. The Court finds that the Defendants are enjoined from taking any action prohibited by its covenants as set forth in the Stipulation of Settlement.

11. Within fourteen (14) days of the entry of this Order, the Defendants shall tender payment of the $150,000 Common Fund and also any refunds required to be paid under the Settlement Agreement (Paper No. 19-1) to Class Counsel. Defendants have already made payment towards the settlement administrator costs.

5

12. The Court directs that Defendant Sunshine Financial Group, LLC process any credits required to be made on its books under the Settlement Agreement (Paper No. 19-1) in accordance with the terms of the Settlement Agreement (Paper No. 19-1).

13. The Court finds that the sum of $3,500 to be paid to the Class Representative is a fair and reasonable amount to be paid to her and hereby approves and directs the payment be made in accordance with the terms of the Settlement Agreement (Paper No. 19-1).

14. The Court finds the sum of $ 60,000 00 to Class Counsel for attorneys' fees and costs is fair and reasonable amount and hereby approves and directs the payment be made to Class Counsel in accordance with the terms of the Settlement Agreement (Paper No. 19-1).

15. There have been no objections filed.

16. Two class members have requested exclusion from the Settlement Class in writing and Dorothy Keats and Lynette Higgins are excluded as class members.

17. If the Settlement does not become effective or is terminated, then this Final Order and Judgment shall be rendered null and void.

18. Without affecting the finality of this judgment, this Court retains exclusive jurisdiction over the Parties and the members of the Class for all matters relating to this action, including the administration,

6

interpretation, effectuation or enforcement of the Settlement and this Order and Final Judgment.

19. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement (Papers No. 19-1).

**IT IS SO ORDERED.**

_____ 10/26/12
Paul W. Grimm
Chief Magistrate Judge
United States District Court
for the District of Maryland

cc: All Counsel of Record via ECF